**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-24260-Civ-SCOLA/TORRES

REGINAL EARLY, III, et al,

      Plaintiffs,

v.

CITY OF HOMESTED, et al,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**
**ON DEFENDANTS' MOTION TO TAX COSTS**

This matter is before the Court following entry of final judgment in favor of Defendants [D.E. 84] and the filing of Defendants' pending motion to tax costs [D.E. 85]. No timely response was filed in opposition to the motion. The matter is therefore ripe for disposition. Based upon a review of the record, Defendants' motion may be granted by default based on the lack of opposition under S.D. Fla. Local R. 7.1. The Court's review of the substantive grounds supporting the motion also shows that Defendants are entitled to all the taxable costs included in the motion under 28 U.S.C. § 1920.

The Court's review of the substantive grounds supporting the motion shows that Defendants are entitled to recover the process server costs, transcription costs, and photocopying costs that were necessary for the defense of the case. Accordingly,

such costs are taxable under section 1920. The specific costs are specifically identified in the motion with supporting documentation. The Court finds that each of these costs are compensable under section 1920 and reasonable in scope. Further, the deposition transcripts included in the motion were necessary for the successful presentation of the defenses in the case. Defendants have thus met their burden to seek reimbursement of these costs and for the amounts requested. Under those circumstances, a strong presumption exists in favor of awarding costs. *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 846 F.3d 1159, 1166 (11th Cir. 2017).

Therefore, Defendants' motion should be **GRANTED**. Defendants should recover a total of $5,448.80 in taxable costs through entry of a cost judgment in favor of Defendants, plus post-judgment interest, from the date of the judgment. *See Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.").

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1;

*see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 31st day of January, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

3