United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Reginald Early III and others, Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 18-24260-Civ-Scola ) |
| City of Homestead, Florida and others, Defendants. | ) ) ) |

## Order on Plaintiffs' Motion for Reconsideration

This matter is before the Court on the Plaintiffs' motion for reconsideration of the Court's Order granting summary judgment in favor of the Defendants. (ECF No. 86.) The matter is now ripe for the Court's review.

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, No. 04-20520, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

The Plaintiffs' motion for reconsideration asks the Court to reconsider its decision to deem the Defendant's statement of facts as undisputed. The Plaintiff brings to the Court's attention its Statement of Material Disputed Facts filed in opposition to the Defendant's Motion for Summary Judgment. (ECF No. 65.) The Court, admittedly, overlooked the Plaintiffs' filing as it was the last of four filings on October 11, 2019. (*See* ECF No. 62 - Response in Opposition to Motion for Summary Judgment; ECF No. 63 – Notice of filing attaching 13 exhibits in support of opposition to motion for summary judgment; ECF No. 64 – Plaintiffs' Motion to Strike Testimony of Expert; ECF No. 65 – Statement of Material Disputes Facts.) The Statement of Facts was not cited in the "Background"

section of the opposition or otherwise relied on in the Plaintiffs' Memorandum of Law. (*See* ECF No. 62.) Upon review, however, the Court declines to reconsider its Order.

The Court's Order deemed the Defendants' statement of facts admitted because of the Plaintiffs' failure to comply with Local Rule 56.1. After consideration of the Plaintiffs' opposing statement of facts (ECF No. 65), the Court still finds that Plaintiffs' failed to comply with Local Rule 56.1. Local Rule 56.1(a) states that "[s]tatements of material facts submitted in opposition to a motion for summary judgment shall correspond with the order and with the paragraph numbering scheme used by the movant . . . Additionally facts which the party opposing summary judgment contends are material shall be numbered and placed at the end of the opposing party's statement of material facts[.]" "[I]t is the nonmovant's obligations to specifically bring the factual dispute to the court's attention by rebutting the movant's factual statements on a paragraph by paragraph basis and with specific citations to the record." *Joseph v. Napolitano*, 829 F. Supp. 2d 1324, 1329 (S.D. Fla. 2012) (Goodman, Mag. J.). "**Correspond** with the **order** and with the **paragraph numbering scheme**" means that paragraph one of the non-movant's opposing facts should directly address paragraph one of the movant's statement of facts. *See Panico v. YGSL Holdings LLC*, No. 12-61269, 2013 WL 28376, at *3 (S.D. Fla. Jan. 2, 2013) (Cohn, J.) (Defendants' statement of disputed facts "fails to comply with the Local Rule because it fails to correspond to the order and paragraph numbering scheme used by the [Plaintiff]."). Here, the Plaintiffs utterly failed to comply with this requirement. The Plaintiffs even submit a chart as Exhibit A to their motion for reconsideration to "assist the Court's efforts in reviewing the record." (ECF No. 86 at 5 n.2; ECF No. 86-1.) The chart sets out the Defendants' facts by paragraph and the "corresponding" paragraph in Plaintiffs' facts. (ECF No. 86-1.) From the Plaintiffs' chart, the Court learns that paragraph 3 of the Defendants' facts "corresponds" to paragraphs 2, 5, 34, and 39 of the Plaintiffs' facts. (*Id.*) Paragraph 15 "corresponds" to paragraphs 18 and 23. (*Id.*) Paragraph 19 corresponds to paragraphs 2 and 37. (*Id.*) Upon review, not a single fact asserted by Plaintiffs is in the corresponding **order and numbering scheme** used by the Defendants. (*Id.*)

The Court will also address the Plaintiffs' repeated reliance on *Reese v. Herbert*, 527 F.3d 1253 (11th Cir. 208). The Plaintiffs' argue that, based on *Reese*, "it is plain that the Eleventh Circuit requires a district court to consider facts relied upon by the non-movant when those facts are supported by evidence and to disregard those unsupported by evidentiary cites." (ECF No. 86 at 4.) *Reese's* holding is not as simple as stated by the Plaintiffs. In *Reese,* the Eleventh Circuit reiterated its "high esteem" for the local rules, stating that it is "both a

sanction for parties and a balm for the district court: the parties are given an incentive to conform to the rule (provided they wish to have their version of the facts considered), and the district court is in any case relieved of the obligation to ferret through the record." *Id.* at 1268. The district court in *Reese* considered the affidavits submitted by the non-movant, although improperly cited, stating that, "on this point *the court gave the affidavits of Craig and Reese little weight* because the plaintiff did not properly dispute the Statement of Undisputed Material Facts submitted by the Dade County Defendants and Trooper Geddie." *Id.* at 1270 (emphasis added by Eleventh Circuit). The Eleventh Circuit found that this passage indicated that "the district court did not hew to the evidentiary line drawn by Local Rule 56.1 by focusing solely on the defendants' record citations and disregarding the materials submitted by [plaintiff] that were contrary to the defendants' statement of undisputed facts." *Id.* In other words, the district court, "essentially overlooked [plaintiff's] noncompliance with Local Rule 56.1—which it had broad discretion to do—and treated the [plaintiffs' affidavits] as evidence of sufficient probative value to cross the threshold of admissibility." *Id.* The district court's error was in its decision to look at the record evidence *and* assess the quality of the evidence at summary judgment. "The district court's error compounds itself at this point, for having found that the three affidavits are admissible, it was not for the district court to disregard them at the summary judgment stage based on its assessment of the *quality* of the evidence." *Id.* at 1271 (emphasis in original). The Eleventh Circuit reversed the district court because once the district court exercised its discretion to review the whole record, it was obligated to construe the facts and make all reasonable inferences in favor of the non-moving party. *Id.* at 1271. This Court has chosen to exercise its discretion by hewing strictly to the "evidentiary line drawn by Local Rule 56.1" *See id.* at 1271.

Accordingly, the Court **denies** the Plaintiffs' motion for reconsideration. (**ECF No. 86**.)

**Done and ordered** at Miami, Florida, on February 7, 2020.

Robert N. Scola, Jr.
United States District Judge